## SHERMAN v. HEDDEN.

*(Circuit Court, S. D. New York.  November 7, 1887.)* ·

CUSTOMS DUTIES—ACTIONS TO RECOVER—BILL OF PARTICULARS.
> Where the bill of particulars served by plaintiff in a suit against a collector
> of customs, to recover duties alleged to have been illegally exacted, does not
> contain all the items required by section 3012, Rev. St., a motion for judg-
> ment of *non pros.* will be granted.

*(Syllabus by the Court.)*

Action to Recover Excess of Duties Paid under Protest.  On motion
for *non pros.*

*Stephen A. Walker,* U. S. Atty., and· *W. Wickham Smith,* Asst. U. S.
Atty., for the motion.

*Wm. F. Scott,* contra.

LACOMBE, J.  In this case defendant moves for a judgment of *non
pros.* on the ground that the bill of particulars heretofore served in this
action, in compliance with section 3012, Rev. St., is insufficient and de-
fective, in that it does not contain the name of the importer or import-
ers, the place from which the merchandise was imported, the date of
the invoice, and the date of the payment of the duties claimed to have
been exacted in excess.  In opposition to the motion, plaintiff's at-
torney presents an affidavit of his clerk stating that, "through some in-
advertence or oversight, he omitted' to insert" in the bill of particulars
the details above set forth, and upon the argument plaintiff applied for
leave to amend the bill *nunc pro tunc.*  The papers in this case present
no more excuse for plaintiff's failure to comply with the express require-
ment of the statute than was presented in *Dieckerhoff* v. *Robertson, ante,*
73, and should be denied.

Upon the argument, reference was made to the subsequent granting
of an order allowing amendment of the bill of particulars in the case last
cited.  Such order, however, is not authority controlling in future cases,
because, at the time it was granted, the representative of the district at-
torney expressly stated in open court that, the question of power to
grant leave to amend being decided against him, he had nothing further
to say in opposition to the application.  It should be further noted, with
·regard to *Dieckerhoff* v. *Robertson,* that the application in that case was
simply for leave to alter the amounts claimed as excess of duty, and
that it was stated, and not disputed, upon the first argument of the mo-
tion, that the figures were given erroneously in the original bill because
the plaintiff had relied upon a statement furnished from or obtained at
the custom-house as to the exact amount of excess, which official state-
ment was itself erroneous.